T.C. Summary Opinion 2010-115

UNITED STATES TAX COURT

GREGORY JOHN BAHAS AND LINDA A. BAHAS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29381-09S.             Filed August 16, 2010.

Gregory John Bahas and Linda A. Bahas, pro sese.

Emly B. Berndt, for respondent.

JACOBS, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

Respondent determined:  (1) A deficiency in petitioners'
Federal income tax of $9,560 and a section 6662(a) penalty of

$1,912 for 2006, and (2) a deficiency of $2,408 for 2007. After concessions,[1] the sole issue for decision is whether petitioners are entitled to claimed losses of $36,617 for 2006 and $10,874 for 2007 from rental real estate property. Resolution of this issue depends upon whether section 469(c)(7) applies to the rental real estate activities of Linda Bahas (Mrs. Bahas).

All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Ohio when they filed the petition.

During 2006 and 2007 Mrs. Bahas was a licensed real estate agent, and Mr. Bahas designed computer networks as a technical applications manager. Mrs. Bahas worked full time for Snyder & Snyder Real Estate, Inc. (Snyder & Snyder), an Ohio corporation which for tax purposes elected to be treated as an S corporation. Barbara Snyder (Ms. Snyder) owned all the stock of Snyder & Snyder.

---

[1]Petitioners did not challenge other determinations respondent made; hence, in accordance with Rule 34(b)(4), petitioners are deemed to have conceded these determinations. Respondent conceded the sec. 6662(a) penalty of $1,912 for 2006.

On December 22, 2004, Mrs. Bahas and Ms. Snyder entered into an employment agreement.  At the time Mrs. Bahas did not have a real estate license.  Pursuant to that agreement, Mrs. Bahas was hired to be the office manager of Snyder & Snyder and Ms. Snyder's assistant.  She received an hourly wage ($7.50 per hour) for her duties as Snyder & Snyder's office manager.  As the assistant to Ms. Snyder, Mrs. Bahas received the same $7.50 hourly wage "during normal business hours" but no hourly wage "outside of normal business hours".  Rather, she was entitled to receive "10% of the gross sales of Barbara Snyder on a bi-weekly basis."  Starting January 1, 2006, by which date it was assumed Mrs. Bahas would be a licensed real estate agent, Mrs. Bahas would receive (as a licensed real estate agent assistant to Ms. Snyder) "6 percent of the net profits of Snyder & Snyder to be paid once a year upon completion of the [company's] tax return."  According to pay stubs she received from Snyder & Snyder, Mrs. Bahas worked there during 2006 for 1,759.5 hours and during 2007 for 1,869.5 hours.

During 2006 and 2007 petitioners jointly owned and managed three rental properties in Akron, Ohio.  Their ownership of these properties was not related to Mrs. Bahas's employment at Snyder & Snyder.  Petitioners spent less than 750 hours managing these properties during each of 2006 and 2007.

Petitioners timely filed Forms 1040, U.S. Individual Income Tax Return, for 2006 and 2007.  They attached a Schedule E, Supplemental Income and Loss (From rental real estate, royalties, partnerships, S corporations, estates, trusts, REMICs, etc.), to each of the returns and reported a loss of $39,154 for 2006 and a loss of $12,195 for 2007 in connection with their rental properties.

Respondent determined that:  (1) The losses petitioners claimed from their rental properties were passive activity losses, (2) petitioners had no passive activity income against which these rental losses could be offset, (3) petitioners did not meet the requirements of section 469(c)(7), and (4) $2,537 of the rental loss claimed for 2006 (and none for 2007) was allowable.

## Discussion

### Burden of Proof

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are incorrect.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed.  Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Section 7491(a) provides that under certain circumstances, the burden of proof with respect to factual matters shifts to the Commissioner. Petitioners neither alleged nor proved that this section is herein applicable. Hence, petitioners bear the burden of proof.

### Petitioners' Rental Losses

Generally, the deduction of passive activity losses is suspended. Sec. 469(a). A passive activity is defined as "any activity--(A) which involves the conduct of any trade or business, and (B) in which the taxpayer does not materially participate." Sec. 469(c)(1). A passive activity loss is defined as "the amount (if any) by which--(A) the aggregate losses from all passive activities for the taxable year, exceed (B) the aggregate income from all passive activities for such year." Sec. 469(d)(1). A rental real estate activity is generally treated as a passive activity without regard to whether the taxpayer materially participates in the activity. Sec. 469(c)(2), (4).

There are exceptions to the general rule suspending the deduction of passive activity losses with respect to taxpayers engaged in a rental real estate activity. One such exception is found in section 469(i), where the taxpayer is an individual and actively participates in rental real estate activities. In such a case, the individual may deduct up to $25,000 (subject to a

phaseout if the individual's adjusted gross income exceeds $100,000) of his/her losses.  See sec. 469(i).[2]

Another exception is where the taxpayer materially participates in a real property trade or business.  A taxpayer qualifies for this exception if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B).

In the case of a joint return, as in the matter at hand, the "materially participates" exception set forth in section 469(c)(7) applies if either spouse separately satisfies both requirements set forth in section 469(c)(7)(B).  And a taxpayer is treated as materially participating in a real property activity only if the taxpayer is involved in the operations of the activity on a basis which is regular, continuous, and substantial.  Sec. 469(h)(1).

In establishing whether a taxpayer's real property activities result in passive activity losses, each interest of

---

[2]As noted _supra_ p. 4, respondent allowed petitioners a $2,537 rental loss deduction for 2006 pursuant to sec. 469(i). Petitioners' gross income exceeded the gross income limitation provided in sec. 469(i)(3) for 2007.

the taxpayer in multiple rental properties is treated as a separate rental real estate activity, unless the qualifying taxpayer makes an election to treat all interests in the rental properties as a single rental real estate activity. Sec. 469(c)(7)(A). The taxpayer must clearly notify the Commissioner of his/her intent to make an election to treat multiple real estate activities as a single activity. See Estate of Higgins v. Commissioner, 897 F.2d 856, 860 (6th Cir. 1990), affg. 91 T.C. 61 (1988); Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d 781, 795 (11th Cir. 1984). The statement of election must be filed with the taxpayer's original return declaring that the election is under section 469(c)(7)(A). Sec. 1.469-9(g)(3), Income Tax Regs. Merely listing the rental properties and aggregating their losses on Schedule E is not sufficient to constitute an election to aggregate petitioners' rental properties. See Trask v. Commissioner, T.C. Memo. 2010-78 (citing Kosonen v. Commissioner, T.C. Memo. 2000-107 (aggregation of real estate rental losses was not clear notice of election pursuant to section 469(c)(7))). Petitioners did not file a statement of election with either their 2006 or their 2007 tax return.

Mrs. Bahas maintains that she was engaged in a real property business in 2006 and 2007 because she worked more than 750 hours per annum as a licensed real estate agent assistant for Ms.

Snyder. She asserts that in that capacity she actively showed and sold houses to home buyers as an agent for Ms. Snyder and/or Snyder & Snyder and therefore should be able to "use my hours from Snyder and Snyder to make my 750 hours".

Mrs. Bahas misconstrues section 469. Because petitioners did not elect to aggregate their real estate rental activities, pursuant to section 469(c)(7)(A) petitioners must treat each of these interests in the rental real estate as if it were a separate activity. See sec. 469(c)(7)(A)(ii). Thus, Mrs. Bahas is required to establish that she worked for more than 750 hours each year with respect to each of the three rental properties. But, petitioners presented no documents or other evidence with respect to the number of hours Mrs. Bahas worked managing the three rental properties in question. Indeed, the parties stipulated that "petitioners spent less than 750 hours managing the rental properties" in question.[3]

Moreover, the hours Mrs. Bahas worked at Snyder & Snyder do not qualify as hours worked in a real property trade or business for purposes of section 469(c)(7)(B)(ii). In this regard, section 469(c)(7)(D)(ii) provides:

_____

[3]We note that Mrs. Bahas did not establish that more than one-half of the personal services she performed in 2006 and 2007 were with respect to any of the three rental properties. Thus, she also failed to establish that she met the requirement set forth in sec. 469(c)(7)(B)(i).

Personal services as an employee.--For purposes of subparagraph (B), personal services performed as an employee shall not be treated as performed in real property trades or businesses.  The preceding sentence shall not apply if such employee is a 5-percent owner (as defined in section 416(i)(1)(B)) in the employer.

Relying on Internal Revenue Service (IRS) Publication 925, Passive Activity and At-Risk Rules, published in 2006, Mrs. Bahas argues that because she was entitled to receive 6 percent of Snyder & Snyder's net profits as compensation for her efforts as a licensed real estate assistant, she owned more than a 5-percent profits interest in Snyder & Snyder.  Mrs. Bahas claims her position is supported by a passage on page 5 of IRS Publication 925 which states:

> Do not count personal services you performed as an employee in real property trades or businesses unless you were a 5% owner of your employer.  You were a 5% owner if you owned (or are considered to have owned) more than 5% of your employer's outstanding stock, outstanding voting stock, or capital or profits interest.

Mrs. Bahas's position is flawed.  Snyder & Snyder is an Ohio corporation, owned entirely by Ms. Snyder.  A 5-percent owner for purposes of section 469(c)(7)(D)(ii) is defined in section 416(i)(1)(B)(i), which provides:

> (I) if the employer is a corporation, any person who owns (or is considered as owning within the meaning of section 318) more than 5 percent of the outstanding stock of the corporation or stock possessing more than 5 percent of the total combined voting power of all stock of the corporation, or

> (II) if the employer is not a corporation, any person who owns more than 5 percent of the capital or profits interest in the employer.

Mrs. Bahas's employment agreement does not provide for the transfer of any stock to her.  Moreover, Mrs. Bahas candidly admitted at trial that her right to 6 percent of the net profits of Snyder & Snyder would terminate should her employment with Snyder & Snyder cease.  Thus, Mrs. Bahas's employment agreement with Snyder & Snyder only defined how Mrs. Bahas would be compensated for services rendered; i.e., her compensation would be based, in part, on the profits of the company.  Therefore, we conclude that Mrs. Bahas did not meet the 5-percent ownership requirement of section 469(c)(7)(D)(ii).

To summarize, Mrs. Bahas did not qualify for the exception to the passive activity loss rules for taxpayers in a real property business as provided in section 469(c)(7).  Hence, petitioners are not entitled to the disallowed passive activity deductions during the years at issue.

To reflect the foregoing and the parties' concessions,

<u>Decision will be entered for respondent with respect to the deficiencies in income taxes for 2006 and 2007, and for petitioners with respect to the section 6662(a) penalty for 2006</u>.